FILED

MAR 0 1 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK



## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

ANDREA CENNINGTON,

        Plaintiff,

v.

LLYOD AUSTIN, DEPARTMENT
OF DEFENSE SECRETARY,

        Defendant.

Civil Action No. 5:2J-cV-100-BO

Jury Trial
Demanded

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel, files this Complaint for

Damages, Declaratory and Equitable Relief, and shows the Court as follows:

### I. Preliminary Statement

1. This action seeks actual damages, declaratory, injunctive, and

equitable relief, compensatory damages, and costs and attorney's fees

for the discrimination and harassment suffered by Plaintiff Andrea

Cennington ("Ms. Cennington") in her treatment by Defendant.

### II. Jurisdiction

2. This action is brought for discrimination and harassment based on

race, age, disability, gender, and reprisal for protected activity under

Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected activities.

3. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4. Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about May 10, 2018, and Plaintiff subsequently timely filed a formal complaint of discrimination on or about August 21, 2018.

5. On or around February 20, 2019, Plaintiff requested a hearing before the EEOC on the matter.

6. More than 180 days from the day Plaintiff filed her appeal has passed and the EEOC has not issued a decision. Thus, this lawsuit is timely, and Plaintiff has appropriately exhausted her administrative remedies. Plaintiff received a Final Agency Decision on December 2, 2020, and

this lawsuit is filed timely thereafter.

## III. Venue

7. This action properly lies in the United States District Court for the Eastern District of North Carolina, under 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## IV. Parties

8. Ms. Cennington was a full-time employee with the Department of Defense at all relevant times.

9. Ms. Cennington is a resident of Cumberland County, NC and is a citizen of the United States.

10. The Defendant is a federal government agency and has offices throughout the United States, including in Eastern District of North Carolina. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs over 500 regular employees.

## V. Facts

11. From March 2016 until April 2018, Dr. John L. Lesica, Captain Janette Cochran, denied Ms. Cennington's request for reasonable accommodations at least four times after Ms. Cennington made written requests.

12. From June 2017 to present, Miranda B. Williams, Medical Support Assistant; Adrienne D. Williams, Outreach Program Coordinator; and Krystal Boy, SSG, NCOIC, Child and Family Behavirol Health Services, repeatedly made false and damaging statements about Ms. Cennignton ton new and existing staff and to supervisors on multiple occasions.

13. From June 2017 to present, Mr. Lesica allowed Ms. Cennington to be subjected to reoccurring harassment such as demeaning statements by her peers: "You know Ms. Cennington special, she does not have to be where the rest of us are," "She always causes problems and continues to lie," etc.

14. From June 2017 to present, Mr. Lesica allowed Ms. Cennington to be subjected to reoccurring harassment such as demeaning statements by her peers: "You know Ms. Cennington special, she does not have to be where the rest of us are," "She always causes

problems and continues to lie," etc.

15. On or about the last week of June 2017, management reassigned the U.S. Army Social Work Intern that normally works with Ms. Cennington to group therapy with Amber Oliver.

16. On or about January 8, 2018, co-workers declined support and lectured Ms. Cennington after Captain Cochran encouraged Ms. Cennington to obtain support from them.

17. On or about January 18, 218, non-clinical peer, Ms. Williams, falsely reported to Dr. Lesica that Ms. Cennington falsified medical documentation by reporting that Ms. Cennington documents seeing a client in the office.

18. On or about January 26, 2018, Captain Cochran recommended Ms. Cennington make a follow-up appointment for a client who had recent suicide attempt. Ms. Williams explained to Crystal Jennings, Medical Support Assistant, to decline the call and request for client care.

19. On or about February 8, 2018, Ms. Cennington requested assistance from Jackie Haygood, Nurse Care Worker and Freda Ewing, both reported not being able to assist Ms. Cennington.

20. During the week of February 19, 2018, it was intentionally not properly reported to Dr. Lesica that Ms. Cennington was scheduled for training outside of the office and was not seeing clients on those days.

21. On or about February 23, 2018, Ms. Cennington spoke with Captain Cochran, expressing continued concerns with scheduling and scheduled leave, challenges harassment from Ms. Williams. Captain Cochran verbally abused Ms. Cennington with comments such as, "if you talked to your teammates more...."

22. In about March 2018, Ms. Cennington's coworker, Ms. Williams, verbally abused Ms. Cennigton by stating, "Ms. Cennington is a god damn liar," during morning huddle, directly to the Supervisor Captain Janette Cochran in front of other peers.

23. On or about March 6, 2018, Captain Cochran falsely claimed that clients were not contacted about cancellations because of Ms. Cennintgon.

24. On or about March 27, 2018, Ms. Cennington was verbally reprimanded by Captain Cochran for "missing meetings."

25. On or about March 28, 2018, Lieutenant Colonel Christopher J.

Guenthner, Deputy Chief Specialty Behavirol Health asked Ms. Cennington if she were feeling "suicidal" which was related to rumors being spread by peers.

26. On or about April 9, 2018, Ms. Cennington left work early due to ongoing harassment/reprisal and sent Dr. Lesica, a text letting him know she would be leaving. Dr. Lesica returned the call as she was crying. Dr. Lesica left a voicemail asking Ms. Cennington which leave she would be using. Ms. Cennington informed him leave without pay under the Family Medical Leave Act.

27. On April 26, 2018, Ms. Cennington was informed of an email communication between Captain Cochran and Dr. Lesica that discussed Ms. Cennington's rating in element 5 and 6, of Ms. Cennington's performance evaluation which Ms. Cennington received a rating of 1-Unacceptable.

28. During June 2018, Ms. Cennington found out that Dr. Lesica placed Ms. Cennington in the Impaired Health Care Provider program. Dr. Lesica did not follow the regulatory process.

29. On June 6, 2018, Major Adam L. Hunzeker, Medical Director,

Inpatient Psychiatry, issued Ms. Cennington a memorandum Subject: Involuntary Commitment Procedures.

30. On or about July 26, 2018, Major Alexander Ragan notified Ms. Cennington that she had been reassigned to WHSC, a department within Womack Army Center, Fort Bragg, NC.

## VI. Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race (harassment and disparate treatment).

31. Ms. Cennington incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

32. Any employment actions were not free from discrimination based on race and/or were because of race.

33. The harassment was severe and/or pervasive.

34. The harassment was based on race.

35. The harassment was unwelcome.

36. The harassment caused Plaintiff damages for which Defendant is responsible.

37. Defendant subjected Ms. Cennington to race discrimination and race-based harassment in violation of Title VII, causing Ms. Cennington damages.

**VII. Count II: Violation of Title VII of the Civil Rights Act of 1964 based on age (harassment and disparate treatment).**

38. Ms. Cennington incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

39. Any employment actions were not free from discrimination based on age and/or were because of age.

40. The harassment was severe and/or pervasive.

41. The harassment was based on age.

42. The harassment was unwelcome.

43. The harassment caused Plaintiff damages for which Defendant is responsible.

44. Defendant subjected Ms. Cennington to age discrimination and age-based harassment in violation of Title VII, causing Ms. Cennington damages.

**VIII. Count III: Violation of Title VII of the Civil Rights Act of 1964 based on disability (harassment and disparate treatment).**

45. Ms. Cennington incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

46. Any employment actions were not free from discrimination based

on disability and/or were because of diability.

47. The harassment was severe and/or pervasive.

48. The harassment was based on disability.

49. The harassment was unwelcome.

50. The harassment caused Plaintiff damages for which Defendant is responsible.

51. Defendant subjected Ms. Cennington to disability discrimination and disability-based harassment in violation of Title VII, causing Ms. Cennington damages.

## IX. Count IV: Violation of Title VII of the Civil Rights Act of 1964 based on gender (harassment and disparate treatment).

52. Ms. Cennington incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

53. Any employment actions were not free from discrimination based on gender and/or were because of gender.

54. The harassment was severe and/or pervasive.

55. The harassment was based on gender.

56. The harassment was unwelcome.

57. The harassment caused Plaintiff damages for which Defendant is

responsible.

58. Defendant subjected Ms. Cennington to gender discrimination and gender-based harassment in violation of Title VII, causing Ms. Cennington damages.

## X. Count V: Violation of Title VII of the Civil Rights Act of 1964 based on reprisal (harassment and disparate treatment).

59. Ms. Cennington incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

60. Any employment actions were not free from discrimination based on protected activity and/or were because of protected activity.

61. The harassment was severe and/or pervasive.

62. The harassment was based on protected activity

63. The harassment was unwelcome.

64. The harassment caused Plaintiff damages for which Defendant is responsible.

65. Defendant subjected Ms. Cennington to reprisal and retaliatory harassment in violation of Title VII, causing Ms. Cennington damages.

## XI. Prayer for Relief

66. Wherefore, Ms. Cennington prays that this Court:

    a.    declare the conduct engaged from the Defendant to be in violation of her rights;

    b.    enjoin the Defendant from engaging in such conduct;

    c.    award Ms. Cennington actual and compensatory damages;

    d.    award Ms. Cennington costs and attorney's fees; and

    e.    grant such other relief as it may deem just and proper.

## XII.  Jury Demand

67. Ms. Cennington requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 2nd day of March 2021.

/s/ Andrea Cennington

Andrea Cennington, Pro Se
459 Timber Skip Dr
Springlake, NC 28390
(703) 919-5438\
andrea.cennington@gmail.com